1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYNTHIA M.,

                    Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

Case No. C20-5104 RAJ

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

      Plaintiff appeals denial of her applications for Supplemental Security Income and Disability Insurance Benefits.  Plaintiff contends the ALJ erred by discounting her testimony and three treating providers' medical opinions.  Dkt. 9.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

      Plaintiff is 49 years old, has a high school education, and has worked as a stock clerk and night auditor.  Dkt. 7, Admin. Transcript (Tr.) 28, 49, 51.  Plaintiff alleges disability as of June 17, 2015.  Tr. 15.  After conducting a hearing in October 2018, the

ALJ issued a decision finding Plaintiff not disabled.  Tr. 35-130, 15-29.  The ALJ found

Plaintiff had severe impairments including fibromyalgia, several spinal impairments,

anxiety disorder, major depressive disorder, and posttraumatic stress disorder.  Tr. 17.

The ALJ concluded Plaintiff could perform simple, routine work at the light exertional

level, occasionally interacting with coworkers and the public.  Tr. 20.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits

only if the ALJ's decision is based on legal error or not supported by substantial evidence

in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.      Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical

evidence establishing underlying impairments that could cause the symptoms alleged,

and there is no affirmative evidence of malingering, the ALJ can only discount the

claimant's testimony as to symptom severity by providing "specific, clear, and

convincing" reasons supported by substantial evidence.  *Trevizo*, 871 F.3d at 678.

**1.      Physical Symptoms**

The ALJ discounted Plaintiff's physical symptom testimony based on lack of

supporting medical evidence, lack of specialized treatment, improvement with treatment,

and conflict with her activities.  Tr. 24-25.  "[L]ack of medical evidence cannot form the

sole basis for discounting pain testimony…."  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th

Cir. 2005).

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

### a.      Lack of Treatment

The ALJ found Plaintiff was not undergoing treatment from a specialist, such as a rheumatologist, for her fibromyalgia.  Tr. 25.  An "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" can constitute a sufficient reason for discrediting a claimant's symptom testimony.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  Here, however, Plaintiff did seek treatment for her fibromyalgia and there is no indication she did not follow prescribed treatment.  *See*, *e.g.*, Tr. 959 (follow up for fibromyalgia), 962 (confirming Plaintiff was diagnosed and treated for fibromyalgia).  The record indicates a rheumatologist confirmed the fibromyalgia diagnosis, and ALJ identified no evidence in the record showing Plaintiff needed to continue treatment with a rheumatologist or other specialist.  *See* Tr. 73-74.  Lack of specialized treatment was not a clear and convincing reason to discount Plaintiff's testimony.

### b.      Improvement with Treatment

"[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."  *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).  However, evidence of "some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."  *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).

Here, despite some improvement from physical therapy and medication, neither the ALJ nor the Commissioner cites evidence of such improvement that Plaintiff's

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

symptoms were successfully relieved or that her testimony was contradicted.  Plaintiff

benefited from physical therapy but continued to experience extremely limiting

symptoms.  *See* Tr. 1050 (improved, but still reporting frequent upper extremity

numbness), 1052 ("continual numbness and tingling into bilateral" upper extremities),

1054 (therapy "beneficial" but still experiencing neck flare-ups), 1056 (continuing to

have "minor" flare-ups), 1058 (still having flare-ups but "less aggressive and fewer"),

1060 ("still needs frequent days of complete rest to bounce back" after activity), 1062

("variable improvement").  At the last visit in the record Plaintiff reported increased

symptoms and pain preventing her from following the home exercise program.  Tr. 1064.

Plaintiff testified her medication "lessens" the pain, otherwise she "couldn't really

move."  Tr. 72.  Yet she continues to have several days a week where she can do little

other than lie on a couch.  Tr. 100.

Improvement with treatment was not a clear and convincing reason to discount

Plaintiff's testimony.

c.     **Activities**

The ALJ did not cite any activities that contradicted Plaintiff's testimony or met

the threshold for transferable work skills.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.

2007).  "Only if the level of activity were inconsistent with Claimant's claimed

limitations would these activities have any bearing on Claimant's credibility."  *Reddick v.*

*Chater*, 157 F.3d 715, 722 (9th Cir.1998).  The ALJ cited caring for her son, who was

seven years old at the time of the hearing.  Tr. 25, 82.  Plaintiff testified she taught her

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

son to do many things, such as prepare food for himself, including using the oven with monitoring or using the microwave, so his basic needs can be met when she has a "bad day." Tr. 88-89.  Her son is in school all year and his school bus provides "door-to-door" pickup, so Plaintiff does not need to bring him to school or even to a bus stop.  Tr. 85, 100.  The ALJ also cited doing household chores such as laundry, but Plaintiff testified it causes a fibromyalgia flare-up, necessitating lying down for about a day.  Tr. 112.  Conflict with activities was not a clear and convincing reason to discount Plaintiff's testimony.

The Court concludes the ALJ erred by discounting Plaintiff's physical symptom testimony.

**2.      Mental Symptoms**

The ALJ discounted Plaintiff's mental symptom testimony based on inconsistency with medical evidence, lack of treatment, improvement with treatment, and inconsistency with her activities.  Tr. 24-25.

**a.      Inconsistency with Medical Evidence**

The ALJ found Plaintiff's testimony inconsistent with a treatment note indicating Plaintiff was "negative for depression."  Tr. 25.  However, the same treatment note shows anxiety, consistent with Plaintiff's testimony of anxiety.  Tr. 998, 113.  Most records the ALJ cited as showing normal mood and affect report high levels of anxiety.  Tr. 1078, 1079, 1080, 1084.  Only one record, for a gynecological appointment, reports only normal mood and affect.  Tr. 924.  This single note, from an appointment not focused on

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5

mental health, does not constitute a clear and convincing reason to discount Plaintiff's testimony.

### b.      Lack of Treatment

The ALJ found Plaintiff had "minimal counseling," despite stating at the hearing Plaintiff "did have some extensive counseling." Tr. 25. There is no indication Plaintiff failed to seek treatment or follow treatment recommendations. In fact, Plaintiff's psychiatrist stated she was "doing an excellent job of working on non-pharmacologic treatments including … psychotherapy." Tr. 969. Lack of treatment was not a clear and convincing reason to discount Plaintiff's testimony.

### c.      Improvement with Treatment

Plaintiff testified with mental health treatment her "anxiety level is a little bit better." Tr. 65. Part of the coping skills she has developed include "making sure [she has] time for recovery." Tr. 66. For example, the day after the hearing she made sure to have "nothing planned." *Id*. Even with this improvement with treatment, she is uncomfortable going out of her home. Tr. 70. This level of improvement does not show successful relief of symptoms or otherwise contradict Plaintiff's testimony.

### d.      Activities

The ALJ cited Plaintiff getting her hair done and spending a lot of time doing paperwork to maintain her and her son's government benefits, but failed to explain how this contradicts Plaintiff's testimony. Conflict with activities was not a clear and convincing reason to discount Plaintiff's testimony.

The Court concludes the ALJ erred by discounting Plaintiff's mental symptom testimony.

**B.     Medical Opinions**

An ALJ may only reject the contradicted opinion of a treating doctor by giving "specific and legitimate" reasons.  *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). An ALJ may reject the opinion of a non-acceptable medical source, such as a physical therapist, by giving reasons germane to the opinion.  *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014).

**1.     Treating Physician Ellen Kim, M.D.**

The ALJ gave Dr. Kim's opinions of significant physical limitations and concentration difficulty due to pain little weight as inconsistent with "fairly unremarkable" clinical findings.  Tr. 25, 962-64.  However, with fibromyalgia, normal clinical findings are expected.  "The condition is diagnosed 'entirely on the basis of patients' reports of pain and other symptoms,' and 'there are no laboratory tests to confirm the diagnosis.'"  *Revels*, 874 F.3d at 666.  The Commissioner asserts, without support from the record, that "[c]learly, there would be" abnormal muscle tone, atrophy, or gait if Dr. Kim's opinions were correct.  Dkt. 10 at 9.  The Commissioner's unsupported assumption is not a specific and legitimate reason to discount Dr. Kim's opinions.

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7

The ALJ also found concentration difficulty inconsistent with mental status findings.  Tr. 25.  However, Dr. Kim opined difficulty concentrating due to pain, not mental impairments.

The Court concludes the ALJ erred by discounting Dr. Kim's opinions.

### 2.   Treating Physical Therapists Bernard Bansil and Brock Giannaris

The ALJ gave Mr. Bansil's and Mr. Giannaris' opinions of physical limitations and likely absences from work at least three days per month little weight as inconsistent with clinical findings.  Tr. 27.  The opinions were based on fibromyalgia.  Tr. 1103. Thus, normal clinical findings are to be expected.  *Revels*, 874 F.3d at 666.  The Court concludes the ALJ erred by discounting Mr. Bansil's and Mr. Giannaris' opinions.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate Plaintiff's testimony, Dr. Kim's opinions, and Mr. Bansil's and Mr. Giannaris' opinions; reassess the RFC as appropriate; and proceed to step five as necessary.

DATED this 2nd day of September, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 8